UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE L. DERRITT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAN BERNARDINO SHERIFF'S<br>DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | CASE NO. ED CV 11-1092-SVW(PJW)<br><br>[PROPOSED] ORDER DISMISSING CASE |

　　　Plaintiff is a pretrial detainee being held at the West Valley Detention Center ("West Valley") in Rancho Cucamonga, California, awaiting trial on criminal charges. He has filed this civil rights suit against the San Bernardino County Sheriff's Department, San Bernardino County, and two deputies who work at West Valley, alleging that they violated his Sixth Amendment right to counsel. For this alleged violation, he seeks monetary damages.

　　　Plaintiff cannot bring a civil rights action that has the potential to undermine the validity of his ongoing state criminal proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding convicted prisoner cannot collaterally challenge an allegedly unconstitutional criminal conviction in a civil rights action *unless* the underlying conviction was reversed on direct appeal; expunged by

executive order; declared invalid by a state tribunal; or questioned by the grant of a federal writ of habeas corpus); *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000) (concluding that *Heck* applies to pending criminal proceedings), *overruled on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007). That is exactly what would happen if this Court were to conclude that Plaintiff's Sixth Amendment right was being violated while his criminal case was ongoing. For this reason, Plaintiff's suit is dismissed without prejudice to re-file when his state case becomes final.[1]

IT IS SO ORDERED.

DATED: 5/29/12

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\DERRITT 1092\Ord_dismiss.wpd

---

[1] To the extent that Plaintiff is asking this court to enjoin the state criminal proceedings, that request is barred under *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Federal courts generally abstain from enjoining state courts from proceeding in ongoing criminal prosecutions. *Id.*; *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (holding, except in the "most unusual circumstances," a defendant is not entitled to challenge his state prosecution in federal court "until after the jury comes in, judgment has been appealed from and the case concluded in the state courts").